Matter of Scientific Games Corp. v Mohawk Gaming Enters. LLC (2023 NY Slip Op 03423)

Matter of Scientific Games Corp. v Mohawk Gaming Enters. LLC

2023 NY Slip Op 03423

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Kern, J.P., Friedman, Moulton, Rodriguez, JJ. 

Index No. 650684/22 Appeal No. 530 Case No. 2022-03625 

[*1]In the Matter of Scientific Games Corp., et al. Petitioners-Appellants,
v
Mohawk Gaming Enterprises LLC, Respondent-Respondent.

Cravath, Swaine & Moore LLP, New York (Brittany L. Sukiennik of counsel), for appellants.
Cohen Milstein Sellers & Toll PLLC, New York (Michael Eisenkraft of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered August 9, 2022, which denied the petition to vacate the clause construction arbitration award and granted respondent Mohawk Gaming Enterprises LLC's (Mohawk) cross-motion to confirm the award, unanimously affirmed, with costs.
Section 10(a)(4) of the Federal Arbitration Act states that an arbitration award may be vacated "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." An arbitrator exceeds his powers if, in rendering his decision, he manifestly disregards the applicable law (Sawtelle v Waddell & Reed, 304 AD2d 103, 108 [1st Dept 2003]). To modify or vacate an award on the ground of manifest disregard of the law, a court must find "both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case" (Matter of Daesang Corp. v NutraSweet Co., 167 AD3d 1, 16 [1st Dept 2018]).
As the US Supreme Court stated in Oxford Health Plans Oxford Health Plans LLC v Sutter (569 US 564, 569 [2013]), "[b]ecause the parties 'bargained for the arbitrator's construction of their agreement,' an arbitral decision 'even arguably construing or applying the contract' must stand, regardless of a court's view of its (de)merits."
Here, the arbitrator did not manifestly disregard the applicable law in reasoning that "the plain meaning of the words of the arbitration clause unambiguously permitted class arbitrations." As the arbitrator noted, SG intentionally broadened the standard AAA arbitration clause in five different ways—to "any," the parties added "any and all"; to "controversies, disputes or claims," they added, "of any nature"; "arising directly or indirectly"; "including without limitation"; "arising out of"; or "in connection with"—because "it wanted the Arbitration Clause to cover every type of dispute, controversy, or claim that could conceivably be related—directly or indirectly—to the Agreement" (see Oxford Health Plans, 569 US at 572).
To review the merits of that interpretation in the face of an arbitration clause that the arbitrator found unambiguous and premised on a construction of the contract would
be inconsistent with Oxford Health Plans (569 US at 569 ["So the sole question for us is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong"]), and we decline to do so.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023